HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRIAD FISHERIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> KEITH W. BRADY, <br><br> Defendant. | CASE NO. C14-5701 RBL <br><br> ORDER DENYING MOTION TO DISMISS, REMAND OR TRANSFER <br><br> [Dkt. #s 7, 9, 11] |

This Matter is before the Court on Plaintiff Triad Fisheries' Motion to Remand [Dkt. #9] and Defendant Keith Brady's Motion to Dismiss or Transfer [Dkt. #7].

Brady, a commercial fisherman in Alaska, agreed to catch and sell salmon and prawns to Triad, a Washington company. The catch was delivered to Triad's agents in Alaska, and transported to Washington, where Triad inspected and accepted it. Triad claims that Brady delivered damaged spot prawns and it sued for breach of contract[1] in Clallam County Superior Court. Brady removed the case based on diversity jurisdiction, claiming that he is an Alaskan

---

[1] Brady claims Triad breached the contract by refusing to pay him (and other fisherman) for their catch. He demanded payment and Triad filed this lawsuit in response.

ORDER- 1

citizen. Triad's Motion to Remand claims Brady lives instead in Sequim, Washington, and that the parties are therefore not diverse.

Brady argues that not only is he not a Washington citizen, but that this Court does not have personal jurisdiction over him.  Even though he owns a home here, lives here temporarily, and conducts some business here, Brady claims that he does not have the required minimum contacts necessary for him to be fairly "haled into court" here. Brady seeks dismissal on this basis. Alternatively, he asks the Court to transfer the case to Alaska, where he claims the case belongs in any event.

## I.   BACKGROUND

Brady owns and lives on his fishing boat in Alaska during fishing season, and he lives in a home he owns there during the offseason. He pays Alaska taxes and votes as an Alaskan citizen, and has an Alaska driver's license. Brady's bank account is in Alaska, and he receives Alaska Permanent Fund dividends available exclusively to Alaska citizens. He plans to settle at his retirement home in Alaska. His family resides in Alaska and he has caretaking responsibilities there. He owns personal and real property in Alaska and his business is located in Alaska.

Brady also owns a home in Sequim, Washington, where he has a (360) cell phone number and he belongs to the Local Masons chapter. He admits to temporarily residing in Sequim for the purpose of ongoing cancer treatment. Triad inspected the prawns at issue at their Washington base and Brady has met with Triad in Washington to discuss the breach. Brady also receives paychecks and business documents at his Washington address.

Brady claims that despite his temporary presence in Washington, he is a citizen of Alaska—that he remains domiciled there—for diversity purposes. He also claims that this court

does not have personal jurisdiction over him because his temporary presence in Washington is traceable only to his ongoing medical treatment, and his limited contacts are not sufficient for him to be sued here.

Triad argues that whatever his long term plans may be, Brady is currently a citizen of Washington. It argues the case should be remanded for lack of diversity jurisdiction. Triad also argues that even if Brady is not a Washington citizen, his presence here certainly makes it fair for this court to assert personal jurisdiction over him.

Finally, Brady argues that, even if this court has subject matter jurisdiction over the case and personal jurisdiction over him, the case should be transferred to Alaska: he claims the contract was made, performed, and allegedly breached there, and that the witnesses are located there. Triad disagrees, and emphasizes that its forum choice is entitled to deference. It asks the court to deny the Motion to Transfer.

## II.   DISCUSSION

### A.   Diversity Jurisdiction-Motion to Remand

To support removal based on diversity jurisdiction, a defendant bears the burden of demonstrating two points: (1) that the amount in controversy exceeds $75,000; and (2) that complete diversity of citizenship exists between the parties.  28 U.S.C. § 1332(a); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (the removing party has the burden of establishing federal jurisdiction). Citizenship means a person must both reside and be domiciled within the state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989). Domicile is the place where an individual resides with the intent to remain.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Brady has the burden of proving that he is an Alaska citizen—that he remains domiciled there, with the intent to remain there— in order to establish that this court has diversity jurisdiction over the case.

Brady has amply demonstrated he is an Alaska citizen for purposes of diversity jurisdiction. Indeed, all of the evidence supports his claim that he intends to remain domiciled there; including particularly the fact he pays taxes, votes, and receives a permanent fund dividend there. Brady has met his burden of demonstrating this court's diversity jurisdiction and Triad's Motion to Remand is therefore DENIED.

### B.     Personal Jurisdiction-Motion to Dismiss

Triad has the burden to make a prima facie showing that Brady's activities in Washington are "substantial" and sufficiently "continuous and systematic" to establish personal jurisdiction. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1082, 1087 (Fed. Cir. 2003); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355 (Fed. Cir. 1998). This activity in the forum state can be unrelated to the subject matter of the action. *Scott v. Jones*, 984 F.Supp. 37, 43 (D.Me.1997).

It is well settled and familiar that the court can only exercise personal jurisdiction over a defendant that has "minimum contacts" with the forum state:

> "Due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's conduct and connections with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Brady admits he currently lives in Washington (temporarily or not, and for whatever reason) but claims that none of his Washington contacts relate to his business or contract with Triad. He claims he conducts business exclusively in Alaska. Triad has demonstrated that his presence here is substantial, and that whatever the main reason for his presence is, he does conduct some of his business from his home in Sequim and he maintains social connections there.  Brady's residence and activities in Washington clearly demonstrate that he purposefully avails himself of the privileges and benefits of Washington residence. His systematic and continuous contacts here are more than sufficient to make it fair for him to be "haled into court here." The Court has personal jurisdiction over Brady. Brady's Motion to Dismiss for lack of personal jurisdiction is DENIED.

### C.     Venue-Motion to Transfer

Finally, Brady asks the court to transfer the case to Alaska.  He claims that Alaska is the proper venue because Alaska law applies, the alleged breach took place in Alaska, and that the witnesses are in Alaska. Triad argues that venue is proper here. It argues that its choice of forum is entitled to deference, and that both it and Brady reside here. Triad claims it discovered the damaged product here, and all potential witnesses reside in Washington.

 For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to another district where it might have been brought. 28 U.S.C. §1404(a).  To determine whether to transfer, the court weighs several factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to

sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Generally, a plaintiff's chosen forum is given paramount consideration and the moving party has the burden to demonstrate that an action should be transferred. *Eldridge v. Bouchard,* 620 F.Supp. 678, 684 (W.D. Va. 1985).

Triad's choice to file in this forum is entitled to deference. Both parties have contacts in both states and the witnesses are in both states. The prawns were caught and delivered in Alaska but Triad discovered the damaged prawns in Washington. There is no evidence that hearing the case in Washington will prevent either party from calling witnesses or accessing their proof, and it is likely to be more cost-effective to try the case here. Courts in either state are well-equipped to try this plain vanilla breach of contract lawsuit—even if, as Brady contends, Alaska law applies.

It is possible that Alaska is an appropriate venue, but Brady has not established that Washington is not.   Brady's Motion to Transfer is therefore DENIED.

### III.   CONCLUSION

Brady has met his burden by demonstrating that the parties are diverse, and Triad's Motion to Remand is therefore DENIED. But while he is an Alaska citizen, Brady is a resident of Washington and it is more than fair to hale him into court here.  His Motion to Dismiss for lack of personal jurisdiction is DENIED. Triad's choice of this forum is entitled to deference and Brady has not demonstrated that Alaska is a superior forum. The Motion to Transfer is DENIED.

//

1  Finally, Triad moves to change the case caption to reflect their corporate name: Tupper Foods,

2  Inc. Triad's Motion to Amend [Dkt. #11] is unopposed and is GRANTED. All parties are to

3  amend their pleadings to reflect the amended case caption.

      IT IS SO ORDERED.

      Dated this 21st day of November, 2014.

                                    /s/ Ronald B. Leighton
                                  RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE